### GARZA v. SHERMAN et al.

### No. 8865.

Court of Civil Appeals of Texas.

San Antonio.

June 29, 1932.

Rehearing Denied Aug. 1, 1932.

J. D. Todd and J. D. Todd, Jr., both of Corpus Christi, for plaintiff in error.

John C. North and R. B. King, both of Corpus Christi, for defendants in error.

SMITH, J.

This action was brought by Ben Garza against H. G. Sherman and Ella Smith to recover the amount of payments made by Garza in settlement of certain promissory notes executed by Ella Smith as principal and Garza as surety, and payable to Corpus Christi banks. Garza sought to recover of Sherman upon allegations that he indorsed the Smith notes at Sherman's request, and upon the latter's representation that he would see that Garza would "not lose by it." The case was tried before the court, without a jury, and judgment was rendered in favor of Garza against Ella Smith, but against Garza in favor of Sherman. Garza has appealed.

The trial court filed no findings of fact or conclusions of law, as none were requested. The appeal is predicated upon the single proposition that the judgment is not supported by, but is contrary to, the preponderance of the evidence. Plaintiff in error does not contend that there was no material evidence to support defendant in error's defenses, or to refute plaintiff in error's allegations. His contention is, simply, that the trial judge did not properly weigh the testimony of the witnesses, or correctly appraise their credibility. He contends, in short, that the trial judge should have believed plaintiff in error's witnesses, and disbelieved defendant in error's witnesses; their testimony being concededly in direct conflict upon the material facts of the case.

It is not within the prerogative of this court to determine fact issues which the trial court has clearly resolved out of a conflict of testimony. There is evidence in the record to support every finding essential to sustain the judgment appealed from, and the presumption is that the trial judge made every such finding, which has all the force and effect of specific jury findings.

This court has no other recourse than to affirm the judgment, and it is so ordered.